| | |
|---|---|
| MICHAEL J. REDENBURG, ESQ. PC<br>Michael Redenburg, Esq. (NY #MR4662)<br>11 Park Place, Suite 817<br>New York, NY 10007<br>Telephone: (212) 240-9465<br>Facsimile: (917) 591-1667 | |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **Tomi Gadpaille,**<br><br>              **Plaintiff,**<br>**v.**<br><br>**CITY OF NEW YORK, NYPD Officer Christopher Lembo (Tax ID #930552) and NYPD Officer Christopher Thompson (Shield #01469), individually and in their official capacities.**<br><br>              **Defendants.** | **Amended Complaint**<br><br>**JURY TRIAL DEMANDED**<br><br>**15-cv- 8302 (AKH)** |

**PRELIMINARY STATEMENT**

1. Plaintiff brings this civil rights action against the City of New York and NYPD Officers Christopher Lembo and Christopher Thompson, alleging that defendants violated her rights under 42 U.S.C. § 1983, the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution by falsely arresting her, and for Christopher Thompson's failure to intervene and prevent such conduct. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the Court deems just and proper.

**JURISDICTION AND VENUE**

1

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth, Fifth & Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331 and §1343.

3. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391 (b) and (c) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District and because some or all of the defendants reside in this District.

## DEMAND FOR A JURY TRIAL

4. Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury in this action.

## PARTIES

5. Plaintiff Tomi Gadpaille ("Plaintiff" or "Ms. Gadpaille") is a thirty-nine (39) year old woman who is a resident of New York County, in the City and State of New York.

6. Plaintiff has no criminal record and indeed, the incident complained of herein represented Plaintiff's very first arrest.

7. The City of New York is a municipal corporation organized under the laws of the State of New York.

8. Defendant NYPD Officers Christopher Lembo and Christopher Thompson are members of the New York City Police Department ("NYPD") who were so employed on August 22, 2015. Defendant NYPD Officers Christopher Lembo and Christopher Thompson were acting under color of state law and in their capacities as members of the NYPD at all relevant times. Defendant NYPD Officers Christopher Lembo and Christopher Thompson are sued in their individual and official capacities.

## STATEMENT OF FACTS

9. The Incident which is the subject of the instant Complaint took place at approximately 6:30 p.m. at or near 23rd Street between 9th Avenue and 10th Avenue, Chelsea, New York.

10. Plaintiff had been out to a restaurant with her cousins and husband. While at the restaurant, two of her cousins had gotten into a verbal altercation.

11. Thereafter, the restaurant bill was paid and Plaintiff and her family members left the restaurant.

12. Plaintiff, her husband and one of her cousins then waited for the bus on 23rd Street between 9th and 10th Avenue.

13. A marked NYPD vehicle pulled up.

14. NYPD Officer Christopher Lembo got out of the car and started screaming at Plaintiff and her husband.

15. The restaurant manager was in the back of the police vehicle and pointed out Plaintiff's husband and cousin.

16. Plaintiff inquired of NYPD Officer Christopher Lembo "What's going on?"

17. NYPD Officer Christopher Lembo replied, Back up, I'm not talking to you!"

18. Next, NYPD Officer Christopher Lembo shoved Plaintiff, telling her that she was being annoying.

19. Thereafter, NYPD Officer Christopher Lembo *hip-checked* Plaintiff causing Plaintiff to ask, "What is happening?"

20. Next, NYPD Officer Christopher Lembo shoved Plaintiff again.

21. Plaintiff's husband and cousin were then taken back to the restaurant in the marked police vehicle.

22. Plaintiff walked back to the restaurant where she saw her husband and cousin standing in front of the restaurant.

23. Another NYPD Officer arrived on the scene and grabbed Plaintiff's bag, handing it to a female NYPD Officer.

24. NYPD Officer Christopher Lembo then grabbed Plaintiff's hand and began handcuffing her.

25. Plaintiff was taken to the precinct for processing, where she could hear NYPD Officer Christopher Lembo loudly bragging about his, "OGA collar."

26. Plaintiff was held at the precinct for about three (3) hours before being transported to Central Booking for arraignment.

27. Plaintiff spent about thirty (30) hours in Central Booking before seeing a judge where she learned that she had been charged with a single count of Obstructing Governmental Administration.

28. As such, Plaintiff retained counsel at the cost of two thousand five hundred ($2,500.00) dollars to represent her in criminal court.

29. Plaintiff also went to her doctor due to the fact that she was experiencing right shoulder pain, as well as neck and back pain and has undergone shoulder surgery.

30. At the first court appearance on October 19, 2015, the matter was adjourned in contemplation of dismissal.

31. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation, degradation, injury and pain; and incurred attorneys fees in the amount of $2,500.00 – all to her detriment and loss.

## FIRST CLAIM

*Unlawful Search and Seizure*

32. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

33. NYPD Officer Christopher Lembo violated the Fourth and Fourteenth Amendments because he stopped and searched Plaintiff without reasonable suspicion.

34. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

35. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation, degradation, physical injury and pain; and incurred attorneys fees in the amount of $2,500.00 – all to her detriment and loss.

## SECOND CLAIM
*False Arrest*

36. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37. NYPD Officer Christopher Lembo violated the Fourth and Fourteenth Amendments because he arrested Plaintiff without probable cause to believe that she had committed a crime or violation, or that she was about to commit a crime or violation.

38. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
*Failure to Intervene*

39. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40. NYPD Officer Christopher Thompson was present and observed the unlawful conduct as against Plaintiff; he had an opportunity to prevent such conduct and had a duty to intervene and prevent such conduct- but consciously failed and refused to intervene.

41. Accordingly, NYPD Officer Christopher Thompson who failed to intervene violated the Fourth, Fifth and Fourteenth Amendments.

42. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### *UNREASONABLE FORCE UNDER 42 U.S.C. §1983*

43. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44. NYPD Officer Christopher Lembo violated the Fourth and Fourteenth Amendments when he *hip-checked* and shoved Plaintiff. This degree of force was unreasonable because it was not necessary under the circumstances especially in light of the fact that Plaintiff, a woman with no criminal record and who had never even been arrested before, was unarmed at the time.

45. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the injuries and damages hereinbefore alleged.

## FIFTH CLAIM
### FIRST AMENDMENT RETALIATION

46. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

47. By his conduct, as described herein, and acting under color of state law to deprive the Plaintiff of her right to freedom of speech under the First and Fourteenth Amendments, NYPD Officer Christopher Lembo is liable for violation of 42 U.S.C. §1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution. NYPD Officer Christopher Lembo has violated Plaintiff's First Amendment rights to speech by unlawfully denying her right to speak freely by

subjecting her to false arrest to deter the exercise of her First Amendment rights. NYPD Officer Christopher Lembo's actions against Plaintiff were taken in retaliation for Plaintiff exercising her First Amendment rights, when she asked NYPD Officer Christopher Lembo, "What's going on?"

48. As a consequence of NYPD Officer Christopher Lembo's actions, Plaintiff has suffered violations of her First and Fourteenth Amendment rights to free speech. Plaintiff has fear and apprehension that she will, again, be subject to similar unlawful acts by defendants done for the purpose of limiting and preventing her First-Amendment protected activities.

49. As a direct and proximate cause NYPD Officer Christopher Lembo's unlawful actions, Plaintiff has suffered damages including mental and emotional injury and pain, physical injury and pain, mental anguish, suffering, humiliation, embarrassment, incurred attorneys fees in the amount of $2,500.00; and damage to her reputation.

## SIXTH CLAIM
### *MONELL CLAIM*

50. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

51. The City of New York is a "person" within the meaning of 42 U.S.C. §1983.

52. The acts complained of were carried out by the aforementioned defendants in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and NYPD, all under the supervision of ranking officers of the NYPD.

53. The City is liable for the damages suffered by Plaintiff as a result of the conduct of their employees, agents, servants, in that, after learning of their employees' violation of

Plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy and/or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event.

54. The City has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of Plaintiff's constitutional rights in this case.

55. The Incident that Plaintiff complains of is not an isolated incident. The City has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of the City's police officers use excessive force, unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obvious illegal actions of their fellow officers. Nevertheless, the City has allowed policies and practices that allow the aforementioned to persist.

56. In addition, the well documented failures of the Civilian Complaint Review Board ("the CCRB"), a City agency, to substantiate obviously meritorious citizen complaints have gone uncorrected. The CCRB regularly finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them. In addition, the CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in their

own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB. The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an officer.

57. The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD Department Advocate, which is endowed with the responsibility of following-up on substantiated CCRB charges, is understaffed and under-utilized. Furthermore, in the extraordinarily rare event that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer.

58. Further, the City has no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected. Additionally, according to a report of the New York City Bar Association issued in 2000, the City has isolated its law department from the discipline of police officers so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions.

59. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate Plaintiff's civil rights without fear of reprisal.

60. Plaintiff has been damaged as a result of the deliberate indifference of the City to the constitutional rights of the City's inhabitants.

61. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation, degradation, physical injury and pain; and incurred attorneys fees in the amount of $2,500.00 – all to her detriment and loss.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

 a. Compensatory damages against all defendants, jointly and severally;

 b. Punitive damages in an amount to be determined by a jury;

 c. Reasonable attorneys' fees and costs; and

 d. Such other relief as this Court shall deem just and proper.


Dated: April 3, 2016
       New York, NY

                                  **/s/**
                            Michael J. Redenburg (NY #MR4662)
                            MICHAEL J. REDENBURG, ESQ. PC
                            11 Park Place, Suite 817
                            New York, NY 10007
                            mredenburg@mjrlaw-ny.com
                            1-212-240-9465 (Phone)
                            1-917-591-1667 (Fax)